# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KAHAKU,<br><br>Plaintiff,<br><br>v.<br><br>A. BUSTAMANTE, et al.,<br><br>Defendants. | No. 2:18-CV-3001-JAM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for the appointment of counsel. See ECF No. 27.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. According to plaintiff, counsel should be appointed to assist him in litigating a pending discovery dispute, specifically plaintiff's motion to compel personnel files. See ECF No. 27. The need for legal assistance on specific motions is not an extraordinary circumstance. To the contrary, it is a circumstance common to almost all inmates pursuing civil rights claims.

Regarding the Terrell factors, the Court cannot say at this stage of the proceedings before any pre-trial dispositive motions have been filed whether plaintiff is likely to succeed on the merits. Moreover, the legal issue in this case – whether defendants violated plaintiff's constitutional rights by engaging in retaliatory conduct – is not complex legally. As to whether plaintiff's claim is factually complex, the current record before the Court does not suggest factual complexity. Finally, plaintiff has thus far demonstrated an adequate ability to articulate his claims on his own, albeit apparently with some degree of assistance.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 27) is denied without prejudice.

Dated: March 24, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE